**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOSHUA ALLAN ROBB,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **NO. 3:26-CV-00622** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **JONATHAN SKRMETTI,**[1] | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Joshua Allan Robb, a former inmate of the Sumner County Jail, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. No. 1). He alleged that he was being held in excess of his sentence and had not been given credits to which he is entitled.

The Court previously directed Respondent to file an answer, plead, or otherwise respond to the petition. (*See* Doc. No. 6). Respondent has now filed a Motion to Dismiss the petition with prejudice, asserting that the petition is moot after Petitioner's release from custody. (Doc. No. 10).

## I. BACKGROUND

The habeas petition before the Court does not identify a case number or numbers of the underlying state-court sentence or sentences Petitioner challenges. (Doc. No. 1 at 1-2). However, Petitioner states that he was serving an "8 year sentence" imposed by the Sumner County Criminal Court, and his sole claim challenges the expiration date of his "8 year sentence." (*Id*. at 2, 6). He

---

[1] Since Petitioner is no longer in custody, the proper Respondent in this action should be Jonathan Skrmetti, Tennessee Attorney General and Reporter. *See* Advisory Committee's Notes on Habeas Rule 2(b) ("The applicant is in custody in any other manner . . . due to the effects of the state action he seeks relief from. The named respondent should be the attorney general of the state wherein such action was taken.").

asserts that the sentence should have expired during "November 2025," but that it was "moved to May 6, 2026." (*Id.*) For relief, the petition seeks immediate release and "punitive damages on not being released on [his] expected date." (*Id.* at 7).

Counsel for Respondent represents that, after being ordered to respond to the petition on June 22, 2026, he sought a sentencing affidavit from the Tennessee Department of Correction ("TDOC") Sentence Management Services because the petition itself suggested that the challenged sentence expired on May 6, 2026. (*Id.* at 2). The affidavit of Amber Phillips, Director of Sentence Management Services, and judgments obtained by counsel demonstrate that Petitioner pled guilty in the Sumner County Criminal Court in case number 451-2018 to possession of a Schedule II drug with intent to sell on November 8, 2018, and was sentenced to 6 years in the TDOC with a 30% release eligibility, suspended to 364 days in confinement and 5 years and 1 day on supervised probation. (Doc. No. 11-1 at 4). Further, on July 13, 2021, Petitioner also pled guilty in the Sumner County Criminal Court in case number 246-2020 to vehicular assault and was sentenced to 2 years in the TDOC, ordered to be served consecutively to Petitioner's six-year sentence in case number 451-2018. (*Id.* at 5). The information provided by Ms. Phillips aligns with Petitioner's eight-year sentence he challenges in the petition. (*See* Doc. No. 1 at 2). Ms. Phillips explains that the combined eight-year sentence expired on May 6, 2026, which again aligns with Petitioner's assertion that his expiration date "was moved to May 6, 2026." (Doc. No. 11-1 at 3; Doc. No. 1 at 2). Ms. Phillips states that Petitioner "was discharged and released at expiration of all sentences on May 6, 2026." (Doc. No. 11-1 at 3).

Tennessee's online Felony Offender Information likewise states that Petitioner's combined eight-year sentence expired on May 6, 2026, and that Petitioner's supervision status is "inactive." *See* TENN. DEP'T OF CORR., Felony Offender Information, search (Last Name: "Robb", First

Name "Joshua", click TDOC ID 00600090), https://foil.app.tn.gov/foil (last visited October 22, 2026).

That Petitioner has been released from custody is further reinforced by his Notification of Change of Address (Doc. No. 5) and the Court's mail to Petitioner addressed to the Sumner County Jail having been returned to sender as "Not Deliverable As Addressed." (Doc. No. 7).

## II. ANALYSIS

Petitioner's sole claim in his 28 U.S.C. § 2241 petition pertains to the calculation and end date of his combined eight-year sentence. (See Doc. No. 1 at 2, 6). That claim is now moot.

"This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id*. at 478 (citation omitted); *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing U.S. Const. art. III, § 2). Under this requirement, a party bringing a claim "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. 1, 7 (quoting *Lewis*, 494 U.S. 472, 477-78). In the habeas context, this means that "once the convict's sentence has expired . . . ., some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id*. at 8. Some examples of "collateral consequences" include prohibitions on voting, engaging in certain businesses, serving as an official of a labor union for a specified period, and serving as a juror. *See Carafas v. LaValle*, 391 U.S. 234, 237 (1968); *see also Spencer*, 523 U.S. 1, 9 (citing *Fiswick v. United States*, 329 U.S. 211, 221-223 (1946) (conviction rendered petitioner liable to deportation and denial of naturalization and ineligible to serve on a jury, vote, or hold office); *United States v. Morgan*, 346 U.S. 502, (1954) (conviction had been used to

increase petitioner's current sentence under state recidivist law); *Parker v. Ellis*, 362 U.S. 574, 576 (1960) (Harlan, J., concurring) (since petitioner's other, unchallenged convictions took away the same civil rights as the conviction under challenge, the challenge was moot); *Ginsberg v. New York*, 390 U.S. 629, 633, n.2 (1968) (conviction rendered petitioner liable to revocation of his license to operate luncheonette business). If there is no collateral consequence, the claim is moot. *See United States v. Waltanen*, 356 F. App'x 848, 851 (6th Cir. 2009) (quoting *United States v. Goldberg*, 239 F. App' x 993, 994 (6th Cir. 2007) ("'[I]f a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired.'")); *Hughes v. Lawson*, No. 2:23-CV-JRG-CRW, 2023 WL 4570462, at *1 (E.D. Tenn. July 17, 2023) (stating that "where a habeas petitioner challenges only a fully discharged sentence, expiration of the sentence moots the challenge").

Here, Petitioner's Section 2241 petition challenges the execution of a now-expired sentence. At the time Petitioner submitted his petition in the mail system on April 21, 2026, (Doc. No. 1 at 8), his eight-year sentence had not yet expired. Therefore, he satisfied the "in custody" requirement as he was incarcerated in the Sumner County Jail. But shortly thereafter, Petitioner's combined eight-year sentence expired, and he was discharged. Petitioner does not allege that he is suffering any collateral consequence of his convictions, and the documentation submitted by Respondent does not evidence any such consequence. As a result, this Court lacks jurisdiction to decide the merits of the petition and "cannot grant Petitioner any relief due to this alleged miscalculation, as Petitioner is not suffering any continuing injury due to this alleged miscalculation." *Hughes*, 2023 WL 4570462, at *2.

The Court notes that, in addition to seeking release from custody, the habeas petition also seeks punitive damages. (*See* Doc. No. 1 at 7). However, "habeas relief is aimed towards release and not damages." *Enriquez-Perdomo v. Newman*, 149 F.4th 623, 640 (6th Cir. 2025); *Adams v. Michigan*, No. 1:07-cv-233, 2007 WL 1455914, at *1 n.1 (W.D. Mich. May 16, 2007) ("Damages are not an 'appropriate or available remedy' in a habeas corpus case.").

## III. CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss Habeas Petition (Doc. No. 10) is **GRANTED**. The petition filed by Joshua Allan Robb seeking relief under 28 U.S.C. § 2241 is **DENIED AS MOOT**, and this action is **DISMISSED WITH PREJUDICE**.

This Order constitutes final judgment in this action.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the resolution of Petitioner's sole claim as moot due to Petitioner's release from custody, the Court **DENIES** a COA.

Although this Court has denied a COA, Petitioner may seek a COA from the Sixth Circuit.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE